UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IMPERIAL PREMIUM FINANCE, LLC, | |
| Plaintiff, | |
| v. | CIVIL ACTION<br>FILE NO.:  1:09-cv-3168 |
| SUSAN ALTFEDER, | |
| Defendant. | |

## <u>ANSWER OF DEFENDANT</u>

COMES NOW Defendant SUSAN ALTFEDER (hereinafter "Defendant"), through her undersigned attorneys of record, and for answer shows the Court as follows:

1.

Defendant denies the allegations contained in paragraph 1 of the Complaint, except she admits that this purports to be an action for damages brought by Imperial Premium Finance, LLC (hereinafter "Plaintiff").

2.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Complaint except she admits that Plaintiff purports to bring this action against the Defendant for damages and equitable relief.

## AS TO COUNT I

5.

Defendant incorporates by reference her answers to paragraphs 1 through 4 of the Complaint as if set forth at length herein.

6.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and refers to the written documents, which speak for themselves.

7.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and refers to the written documents, which speak for themselves.

8.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Complaint and refers to the written documents, which speak for themselves.

23.

Defendant denies the allegations contained in paragraph 23 of the Complaint and refers to the Insured Disclosure Statement, which speaks for itself.

24.

Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.

Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30.

Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.

Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.

Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.

Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.

Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.

Defendant denies the allegations contained in paragraph 39 of the Complaint.

## AS TO COUNT II

40.

Defendant incorporates by reference her answers to paragraphs 1 through 39 of the Complaint as if set forth at length herein.

41.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.

Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.

Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.

Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

All claims against Defendant are barred because Plaintiff has failed to fulfill a condition precedent prior to initiating this litigation by failing to fulfill the requirements of the arbitration clause or clauses contained in the Insured Disclosure Statement or contained in other contracts and/or agreements related to its allegations.

### SECOND AFFIRMATIVE DEFENSE

All claims against Defendant should be dismissed as a result of Plaintiff's failure to pursue arbitration as contractually required.

### THIRD AFFIRMATIVE DEFENSE

All claims against Defendant should be dismissed because the Complaint fails to state a claim for which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

All claims against the Defendant are barred by the equitable doctrines of unclean hands, laches, consent, ratification, waiver and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

All claims against Defendant should be dismissed because Plaintiff has failed to join all necessary and indispensable parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has materially breached its obligations under the Insured Disclosure Statement and under other contracts and/or agreements related to its allegations.

## SEVENTH AFFIRMATIVE DEFENSE

All claims against Defendant should be dismissed because Plaintiff lacks standing to assert some or all of the claims alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused solely by the acts, wrongs and/or omissions of a third party or by other persons or entities over whom the Defendant had no control and for which the Defendant is not responsible.

## NINTH AFFIRMATIVE DEFENSE

The underlying events alleged in the Complaint were caused, in whole or in part, by the negligent, reckless and/or intentional actions and/or omissions of

Plaintiff.  Any recovery by Plaintiff should be offset to the extent of the negligent, reckless and/or intentional actions and/or omissions of Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

All claims against the Defendant are barred, in whole or in part, due to Plaintiff's failure to mitigate damages, including, and without limitation to, Plaintiff's failure to arbitrate as contractually required.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant has been suffered damages as a result of Plaintiff's lack of good faith and other conduct in bad faith.  To the extent Plaintiff seeks recovery for any alleged acts or omissions by the Defendant, any recovery should be offset by the damages the Defendant has suffered as a result of Plaintiff's conduct.

## TWELFTH AFFIRMATIVE DEFENSE

All claims against the Defendant are barred, in whole or in part, because any recovery would constitute unjust enrichment.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged conduct, if any, of Defendant was undertaken in good faith and for a valid purpose.

## <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

All claims against the Defendant are barred because the Complaint was filed in bad faith and without meritorious claims and as a consequence the Defendant is entitled to a recovery of its attorneys' fees.

WHEREFORE, Defendant respectfully requests this Court to dismiss the Complaint against her and to enter a judgment in her favor and award such other and further relief as this Court deems just and proper.

<u>s/SCOTT W. MCMICKLE</u>
Georgia Bar No. 497779
<u>s/SCOTT W. ZOTTNECK</u>
Georgia Bar No. 700008
For the Firm
Attorneys for Defendant Susan Altfeder
DENNIS, CORRY, PORTER & SMITH, L.L.P.
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, Georgia 30305-4611
Telephone:  (404) 365-0102
Facsimile:   (404) 365-0134
Email:  swm@dcplaw.com
Email:  szottneck@dcplaw.com

<u>OF COUNSEL:</u>
Ira S. Lipsius
SCHINDEL, FARMAN, LIPSIUS,
        GARDNER & RABINOVICH, LLP
14 Penn Plaza, Suite 500
New York, New York  10122
Telephone:  (212) 563-1710
Attorney for Defendant Susan Altfeder

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2009, I electronically filed **ANSWER OF DEFENDANT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> H. Michael Dever
> Genevieve H. Dame
> Friedman, Dever & Merlin, LLC
> 5555 Glenridge Connector, NE
> Suite 925, Glenridge Highlands
> Atlanta, GA  30342-4728

s/SCOTT W. ZOTTNECK
Georgia Bar No. 700008
For the Firm
Attorney for Defendant

DENNIS, CORRY, PORTER & SMITH, L.L.P.
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, Georgia 30305-4611
Telephone:  (404) 365-0102
Facsimile:  (404) 365-0134
Email:      szottneck@dcplaw.com

2474-10923 (SWM)